# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CLINTON TURNER and KIMBERLEY TURNER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-CV-3053 |
| SUMMIT TREESTANDS, LLC, | ) ) ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs Clinton and Kimberley Turner's Motion to Compel (d/e 26) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

## BACKGROUND

The Turners allege that on September 21, 2009, Plaintiff Clinton Turner placed an order online for an "Osprey" model tree stand manufactured by Defendant Summit Treestands, LLC (Summit). The Osprey model was part of Summit's Raptor Series (RS) tree stands. The RS tree stands used a device referred to as the Talon hanging bracket. The Osprey tree stand was delivered to Turner on or about September 28,

2009. The stand is used in hunting deer. The stand is affixed to a tree and the hunter climbs onto the stand to hunt. Clinton Turner used the stand on November 13, 2009. While Clinton Turner was on the stand, the stand disengaged from its mounting bracket causing him to fall and suffer injuries. Complaint (d/e 1), ¶¶ 7-9. Clinton Turner brings claims for products liability, negligence, and breach of warranty of merchantability. Clinton's wife Kimberley brings companion claims for loss of consortium. See Complaint, Counts I-VI.

On June 23, 2011, the Turners served interrogatories and requests to produce documents on Summit. Summit responded on or about September 2, 2011. Summit objected to some interrogatories and requests to produce, but, in general, provided some answers and documents. The Turners ask the Court to overrule the objections and to order Summit to give more complete responses. Summit responds that its responses are complete. The parties have attempted to resolve this matter in good faith, but have been unsuccessful.

The Turners have brought this Motion to compel responses to the remaining disputed discovery requests. The Turners ask the Court to compel answers to Interrogatories Nos. 2, 4, 6, 8, 10, 12, 15, and 19, and responses to Requests to Produce Nos. 1, 14, 15, and 18. Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Compel (d/e 31) ¶¶ 1-2.

ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-71 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union No.130, 657 F.2d 890, 902 (7th Cir. 1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). "[I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Id. at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id. Remember, we are talking discovery, not admissibility at trial.

In light of these principles, the Court will address each disputed discovery request. The discovery requests and responses quoted below were all taken from the Motion, Exhibit C, Defendant Summit Treestands, LLC's Answers to Plaintiffs' First Set of Interrogatories, and Exhibit D, Defendant Summit Treestands, LLC's Answers to Plaintiffs' First Request for Production of Documents.

I. Interrogatories

A. Interrogatory No. 2

Interrogatory no. 2 states:

Please identify all persons who assisted in the design of the Raptor Series (RS) tree stands (including the Talon hanging bracket) marketed and sold by Summit Treestands, LLC.

Summit responded:

Defendant objects to the overly broad and burdensome nature of the request. Without waiving the objection, the Raptor Series treestands, including the Talon Hanging Bracket was designed in group effort by Summit Treestands representatives, including Ron Woller.

The Turners ask the Court to compel the disclosure of all the individuals who participated in the design of these products. Summit responds that its answer is sufficient. The Court agrees with the Turners. Stating that the design was done in group effort is non-responsive. Summit makes no showing that disclosing the identity of these individuals would impose a burden. The Court overrules the objections and orders Summit

to identify all persons, by name, who assisted in the design of the RS tree stands and the Talon hanging bracket as requested in the Interrogatory.

B.  Interrogatory No. 4

Interrogatory No. 4 states:

> Was the design of the Talon hanging basket changed prior to November 14, 2009 (the date of the incident in this case)? If so, please state the nature of each change made, the date of each change, the person requesting the change, the person making the change in the design, and identify all documents relating to each change.

Summit responded:

> Defendant objects on the basis that the Interrogatory requests information concerning a subsequent remedial measure. Without waiving objection, Summit Treestands representatives, including Ron Woller, were working on design changes for the Talon Hanging Bracket in late 2009. Without waiving objection, see the engineering design drawings for the 2009 Talon Hanging Bracket/Strap System and the 2010 Talon Hanging Bracket/Strap System. Bates Stamped pgs. 229-249, 279-282.

The Turners complain that Summit's objection is improper because the interrogatory asks for information about changes that occurred before the alleged incident from which the action arose. The Court agrees, and the objection is overruled. Summit is directed to answer the interrogatory. If the design changes reflected in the documents identified in the current answer are the only design changes that have been made, Summit is directed to say so explicitly.

C. Interrogatory No. 6

Interrogatory No. 6 states:

Were the RS tree stands tested prior to being placed into production? If so, please state:
a.) the date of each test;
b.) a description of each test (including the protocol and results);
c.) the identity of the person(s) conducting the test(s);
d.) the location of the actual tree stand and/or components tested and
e.) identify all documents relating to each test, including test logs, photo video or digital images, reports notes and correspondence.

Summit responded:

Defendant objects to the overly broad and burdensome nature of the request. Without waiving the objection, the Talon Hanging Bracket/Strap System was designed in a group effort by Summit Treestands' representatives, including Ron Woller. The Raptor Series Hang-On Treestand and Talon Hanging Bracket/Strap System went through extensive field testing by Summit Treestands' representatives. The Raptor Series Hang-On Treestand and Talon Hanging Bracket/Strap System was designed and manufactured in compliance with applicable TMA/ASTM standards. The Raptor Series Hang-On Treestand and Talon Hanging Bracket/Strap System was tested by an independent laboratory and found to be in compliance with applicable TMA/ASTM standards. Bates Stamped pages 20-61.

The Turners complain that the answer does not provide the requested specifics about the testing. Summit makes no showing that the interrogatory is overly broad or burdensome. The Court overrules the objection and orders Summit to provide the requested information about

the testing. If Summit does not know the answer to some of the interrogatory, it can state that, but it must answer fully.

    D.    Interrogatory No. 8

Interrogatory No. 8 states:

Please identify the person(s) referred to in communications with the Consumer Products Safety Commission as a "prostaffer" who reported in August, 2009, that a RS tree stand disengaged from its hanging bracket while in use in the field, and state:
- a.) the number of incidents reported by "prostaffers";
- b.) The date of each report by a "prostaffer"
- c.) the identity of all person(s) having knowledge about the incident(s) reported to you by "prostaffers";
- d.) the identity of the person to whom each report was made;
- e.) whether the reports were oral, written, or electronic;
- f.) the identity of the person who has custody of any reports.

Summit responded:

The prostaffer is an individual identified as Greg Roe.
Defendant has no other documents responsive to this request.

The Turners complain that the response is incomplete. The Turners ask the Court to order a complete response. The Court allows the request in part. Summit is directed to state whether any other prostaffer reported such an incident, and if so, to identify the additional prostaffer or prostaffers. Summit is further directed to state whether the report was written or oral and to whom the report was given.

E.  Interrogatory No. 10

Interrogatory No. 10 states:

Please identify all documents generated in response to the report(s) by prostaffer(s) relating to accidental disengagement of RS tree stands from Talon hanging brackets.

Summit responded:

Defendant objects to the vague and ambiguous nature of the request. Without waiving objection, there is no written document concerning the incident with "prostaffer" in August 2009.

The Turners argue that the request is not vague or ambiguous. They also view the term "written document" with suspicion. They are concerned that the term may not include electronically stored documents such as emails. They ask the Court to overrule the objection and order Summit to state an answer completely. The Court agrees with Summit that the term "generated in response" is somewhat vague. Summit, however, was able to state whether it had written documents concerning the incident. The Court orders Summit to state whether it has any other documents concerning the incident, such as emails or other electronically stored documents, and if so, to identify the same.

F.  Interrogatory No. 12

Interrogatory No. 12 states:

With regard to each such disengagement, please or identify state:

a.) the date of the occurrence;
b.) the model tree stand involved;
c.) the location (city, county, and State) of the occurrence;
d.) whether any investigation was undertaken by you;
e.) the identities of all persons having knowledge of each such disengagement;
f.) the identities of all person(s) who conducted any investigation;
g.) the identify all documents related to each such incident;
h.) the person in possession of the tree stand and Talon hanging bracket which were the subject of each such incident;
I.) the person(s) who has possession and control of any photographs, video tape, or digital image of the tree stand(s) and/or Talon hanging brackets, involved in these incidents; and
j.) the person(s) in possession and control of the documents identified in the previous interrogatory.

Summit responded:

Defendant objects to the overly broad and burdensome nature of the request. Without waiving objection, see the following: Daniel Pustina, see Complaint, Bates Stamped pages 266-278. Bobby Collins – no lawsuit. [address deleted] Coeburn Virginia 24320

The Turners complain that the response is incomplete. Summit makes no showing that the interrogatory is overly broad or burdensome. The Court overrules the objection and directs Summit to respond with the information available to it. If Summit does not know the answer to some part of the interrogatory, it should state so explicitly.

G. Interrogatory No. 15

Interrogatory No. 15 states:

Please identify all differences between the RS Osprey tree stand involved in this case and the RS Osprey tree stands currently sold by you.

Summit responded:

> Defendant objects on the basis that the Interrogatory requests information concerning subsequent remedial measures. Without waiving objection, Summit Treestands representatives, including Ron Woller, were working on design changes for the Talon Hanging Bracket in late 2009. Without waiving objection, see the engineering drawings for the 2009 Talon Hanging Bracket/Strap System and the 2010 Talon Hanging Bracket/Strap System. Bates Stamped pgs. 229-249, 279-282.

The Turners complain that the answer is not complete. They argue that the objection is improper. The Court agrees that Turner should be able to discover information about subsequent changes. Such information may be admissible for certain limited purposes, and also may lead to discoverable evidence. See Phillips v. Leitz Tooling Systems, 2007 WL 4438863, at *1 (S.D. Ind. 2007); Stallings v. Union Pacific R. Co., 2003 WL 21317297 (N.D. Ill. 2003). The Court therefore overrules the objection and directs Summit to respond completely to the interrogatory. If the referenced documents reflect all of the changes that have been made in the Talon hanging bracket, Summit should state so explicitly.

H. Interrogatory No. 19

Interrogatory No. 19 states:

> Have you ever sold hanging tree stands other than RS tree stands? If so, please state the model name and number of each hanging tree stand, and the dates sold.

Summit responded,

> Defendant objects to the overly broad and burdensome nature of the request. Defendant also objects that the request seeks irrelevant information not likely to lead to discoverable information.

The Turners ask the Court to overrule the objections. They argue the request is not burdensome and evidence of alternate designs is relevant. The Court agrees that evidence of alternate designs is relevant to the Turners' claims under all three theories of products liability, negligence, and breach of warranty. Summit also makes no showing that the request is overly broad or unduly burdensome. The Court, however, finds that some time limit is appropriate. The Court therefore overrules the relevance objection and overrules the overly broad and burdensome objection in part. The Court directs Summit to answer the interrogatory, but limit the answer to tree stands sold by Summit after January 1, 2005. That time limit should reduce the burden on Summit, but still provide relevant information about alternate designs sold by Summit.

II. Requests to Produce

A. Request No. 1

Request No. 1 states:

Photographs and videotapes of the tree stand involved in this case (including its components and related equipment); the scene of the incident alleged in Plaintiff's Complaint, and of the Plaintiff.

Summit responded:

> Defendant objects on the basis that the information obtained at the direction of legal counsel in anticipation, or during the course, of litigation is protected by the attorney-client and/or work product doctrine. Without waiving objection, Defendant is not in possession of any documents responsive to this request.

The Turners state that Summit now acknowledges that it has photographs of the tree stand in this case, but has not produced them. Counsel for the Turners further states that Summit representatives took the photographs with the Turners' permission shortly after the incident. Motion, at 8 ¶ 27. The Turners argues that this waives any claim of privilege. The Court disagrees with the Turners. The work product privilege extends to tangible things prepared in anticipation for litigation. There is no requirement of confidentiality. Fed. R. Civ. P. 26(b)(3). If the photographs were taken in anticipation of litigation, they may be covered by the work product privilege. At this point, the Court cannot determine whether the photographs were taken in anticipation of litigation. If the privilege applies, the Turners have failed to make the required showing of need to overcome the privilege. Fed. R. Civ. P. 26(b)(3)(A).[1] The Court, therefore, directs Summit to produce the responsive photographs if they are not privileged. If Summit continues to assert the work product privilege, it must state the

---

[1] Summit may also be required to disclose the photographs as part of its initial disclosures if it may use them to support its defenses. See Fed. R. Civ. P. 26(a)(1)(A)(ii).

basis for the claim of privilege in more detail.  Summit must also produce a privilege log in accordance with Rule 26(b)(4) for any privileged photographs and any other documents that it is withholding pursuant to this or any other claim of privilege.

    B.    Request No. 14

Request No. 14 states:

Drawings of all versions of the Talon hanging bracket from its initial conception.

Summit responded:

Defendant objects on the basis that some of the requested documents will pertain to subsequent remedial measures. Without waiving objections, see Bates Stamped pages 229-249, 278-282.

    The Turners ask the Court to overrule the objection and order Summit to provide all responsive drawings.  Summit's response seems to indicate that the documents contain drawings of all of the version of the Talon hanging basket.  Summit is directed to state whether the documents provided contain all of the requested drawings.  If the documents do not contain all of the drawings, then the Court overrules the objections and directs Summit to produce the additional drawings that are responsive to the request.  As discussed above, information about subsequent remedial measures are discoverable.

C. Request No. 15

Request No. 15 states:

Documents relating to tests of RS tree stands and Talon hanging brackets by any person, entity or group which were done prior to the first date of production of the product in this case.

Summit responded,

Defendant objects on the overly broad and burdensome nature of the request. Without waiving objection, see Bates Stamped pages 20-61.

The Turners ask the Court to overrule the objection and order Summit to provide all responsive drawings. Summit's response seems to indicate that the documents produced are all of the responsive documents related to testing before the first date of production. Summit is directed to state whether the provided are all of the responsive documents. If not, then the Court overrules the objection and directs Summit to produce all of the responsive documents. Summit makes no showing that the request is overly broad or unduly burdensome.

D. Request No. 18

Request No. 18 states:

Documents relating to pre-November 14, 2009 accidental disengagements of RS Tree stands from Talon hanging brackets.

Summit responded:

> Defendant objects to the vague and ambiguous nature of the request, pp 266-278.

The Turners ask the Court to overrule the objection and order Summit to provide all responsive documents. Summit's response identifies some documents. Summit is directed to state whether the documents provided are all of the responsive documents. If not, then the Court overrules the objection and directs Summit to produce all of the responsive documents. The request is not vague or ambiguous.

WHEREFORE, Plaintiffs Clinton and Kimberley Turner's Motion to Compel (d/e 26) is ALLOWED in part. Defendant Summit Treestands, LLC, is ordered to provide the supplemental responses as directed in this Opinion by December 23, 2011.

ENTER:   December 5, 2011

   *s/ Byron G. Cudmore*   
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE
